May it please the Court. My name is James Feldman, and it is my privilege to represent the appellant, Irwin Schiff. Mr. Schiff was deprived of his Sixth Amendment right to the effective assistance of counsel on appeal, and his attorney failed to appeal the district court's granting of the and limiting motion filed by the government to exclude any evidence concerning Mr. Schiff's bipolar disorder. The performance prong of the Strickland test was met in this case because counsel ignored an issue that was clearly stronger than the other issues that he raised in this case. That is the standard that the Supreme Court approved of in Smith v. Robbins when it characterized that as the holding of the Seventh Circuit case in Gray v. Greer. That standard is met in this case. Five of the six issues that the counsel on appeal raised were disposed of summarily in this Court's non-precedential memorandum disposition. The other issue, which was a good issue, dealt only with the contempt citations. The bipolar issue in this case was clearly stronger than the other ones raised. It was identical in all pertinent respects to the issue raised by Coeppelin. Well, except for the likelihood that anybody would buy it. I mean, even if the testimony was given. Yes. Given the differences in the history of Mr. Cohn and Mr. Schiff, in terms of their – as I understand it, Mr. Cohn was kind of a newcomer to all this, and Mr. Schiff had been prosecuted and jailed I don't know how many times for – you can tell me how many times – for essentially the same set of theories. If you talk to him, each one was entirely different, and, you know, that's his perspective of it. But that's why this evidence was so important, because it would give the jury a reason to understand how a perfectly, well, otherwise normal individual could so doggedly hold on to beliefs in the face of overwhelming evidence of the contrary. Can I ask you to answer Judge Berzant's question, which was, basically, unlike Coeppelin and Cohen, with respect to your client here, there was substantial evidence introduced during trial that Schiff knew his beliefs were incorrect, that his actions were illegal, he had prior convictions and disputes with the IRS, he was hiding some of his offshore activities, going to great lengths to avoid IRS liens, and his positions had been rejected by every court that had considered them. He was in a different position than Cohen was, who was really a protege, if you will, of Mr. Schiff, newly on board to this. So doesn't that make evidence of a mental illness far less compelling? I don't think so, Your Honor. You don't think so? I don't think so. Would you ignore the particulars or the differences between the two? I'm not ignoring the particulars. The particulars make this evidence so important, because in Dr. Hayes' report, he says specifically, you know, prior jail sentences have not shaken this individual's belief, the possibility for the rest of his life, spending the rest of his life in prison has not shaken his belief. He believes this that strongly. It's mental disorder. Has that been held? That leads to a nicety about what United States v. Cheek actually held. I mean, is the question whether – well, first of all, Cheek seems to pull out any defenses based on constitutional invalidity, and to some degree, I understand that Schiff's arguments are based on constitutional invalidity. So to some degree, I think he doesn't come under Cheek. Does that seem right? Well, part of his beliefs don't come under Cheek.  Part of his beliefs don't come under Cheek. But others do. But others do. I mean – Right. So that's one problem. But secondly, I'm not sure whether – is what Cheek is preserving in terms of subjective knowledge, the subjective knowledge that as to whether this is illegal in the sense that it is considered illegal definitively by courts, regulators, and so on, or is somebody entitled, even when they know that every responsible person says it's illegal, to nonetheless have their own theories and say it's not illegal. I'm not sure Cheek is actually buying the second, as opposed to you really have to know the first. You have to – you have to actually know that it has been determined to be illegal. But once you know it's been determined to be illegal, the fact that you continue to think it's not illegal doesn't help you. Which one is it? I think that it's – if someone has a subjective belief, no matter how crazy that belief might be, that his conduct is not a violation of law, he really believes it, even though a rational person would not. Well, it's not so much what a – but I'm asking, even though he knows that it has been definitively determined against him with regard to his theories by multiple courts, does that come within Cheek? If he knew that, but he doesn't know that. I mean, that's the problem with his mental disorder. I mean, he – Well, he knows that. He just – my understanding is he knows that. He just continues to believe everybody else is wrong, and he's right. It's not entirely that, but it's partly that, Your Honor. But he also – the other cases did not involve the zero returns. I mean, he says, well, that was something different. Now, I'm accepting that, but now I'm – this is an entirely different case. I mean, that's his belief. He always finds something different. But based on basically the same set of theories. It's a little different. I mean, that's how he looks at it, and he's – he believes it. I mean, he believes it with his whole heart, and he would die for it. And then the question becomes, what about all this evidence of hiding both his own assets and the advice he gives to others, which seems to be – now, again, one could say, well, he's so convinced – he's doing that because he knows that other people think he's wrong, but he still thinks he's right, and so they don't have any right to his money. But that doesn't necessarily follow. It's not that entirely. No, it's not that, Your Honor. It's that he believes that the IRS is not following the law when it levies bank accounts, and that banks will not follow the law. The law is that they have to wait until there's a court order, and instead, the banks will – But that's not a very good explanation for taking your money abroad. If they're not following the law, then you – then you complain about them not following the law, but you don't evade them. But he thinks that that's – he thinks that the IRS is not – is violating the law, and he wants to protect his assets from the government, which is violating the law. I mean, that's – that's how he looked at it, and he had evidence that he wanted to put on that would have supported why he believes that, but the judge wouldn't let him – wouldn't let him do that. Why didn't he proffer Dr. Hayes' testimony during trial? Pardon? Why did he not proffer Dr. Hayes' testimony during trial? Well, the reason he didn't proffer Dr. Hayes is that he – it was expensive to bring him in, and he thought that the judge would – would reject it. To make an offer of proof. That's irrelevant, Your Honor, I believe. Yes, sir. To make an offer of proof, you don't bring a witness in. You can use a witness's report. And when he was turned down, he never made an offer of proof. We have nothing in the record of what Dr. Hayes would have said. Well, as I've argued, Your Honor, the issue that should have been brought up on appeal is the Court's granting of the Alimony motion, which has – which is not – did not say that you can't call Dr. Hayes as a witness. It said no bipolar evidence can come in. And so the judge was saying, yes, sir. Okay. So the lawyer made a mistake, granted. I'm not sure what you're saying. Is he the one that took the direct appeal, or a different lawyer? Mr. Schiff represented himself at trial. Yes. The lawyer who represented Mr. Schiff at sentencing represented him on appeal. Okay. So you look at the record and you find that he never made an offer of proof, voluntary dismissed the offer before trial. He didn't try to admit the evidence. He failed to file an expert's notice. He failed to object to the government's motion to exclude. So the lawyer says there's nothing here that I can take to the appellate court. That's not entirely true, Your Honor. For one thing, he did file a notice, the 12.2b notice. He didn't talk about bipolar directly, but then later he filed another document which did say that he was going to be bringing up Dr. Hayes to talk about the bipolar, which the government took as a 12.2b notice, which is why, when it filed its motion, that's why it filed its motion to exclude the evidence, and it never based that on Schiff's failing to file that notice. He was pro se, his pleadings should be construed liberally, and that was not true. I understand all that, but I'm talking about the lawyer looking at the trial and seeing if this is an issue that can take an appeal. Well, he saw that the co-defendant raised this issue. He could have then, looking at the record, he could see that Schiff raised this very same issue. He made the argument of why it was relevant, which is why I think the issue was preserved for appeal. He could have seen all that. Do you think it was preserved? Oh, yes, Your Honor. Oh, okay. Well, would you have in the record a report from Dr. Hayes? How did they get it in the record if it wasn't proffered? I'm sorry. I didn't hear what you said. Would you have a report from Dr. Hayes that was not in the record in the district court? It was in the record in the district court. So what is meant by it wasn't proffered? I mean, I assume the proffer is he would have testified to what this document says. Yes, that's correct, Your Honor. It was a, I think, well, there we go. Yes. I have nothing. If I could, I see my time is about up. If I could have a minute for rebuttal. Yes, you'll have a minute for rebuttal. Thank you. May it please the Court, Mark Detterman for the United States. Jumping right into the issue that Judge Wallace brought up, although the district court entered an order, a motion in limine, that motion in limine was only talking about defendant's psychological experts and it did not address Dr. Hayes. Now, in our brief, we show that on the first day of trial, Dr. Hayes was brought up again and the judge said that he was open. I mean, yes, but he, the district judge had ruled definitively that there wasn't going to be any mental health. I disagree with that, Your Honor. And just a minute. And he kept saying, but he's not going to be able to testify to anything that goes to his mens re. Now, if there's anything else he can testify to as to lack of intent, is there anything else he can testify to, I'll hear it. I'll consider it. No? Respectfully, I disagree with your interpretation of that. I think the judge was expressing a strong inclination that he would not let the evidence in. But the final thing that the judge said is, I'm telling you, and this, we have this in our brief, it's day 16, I'm telling you it's not likely I'll let him testify, so you decide. And then he says, I'll let the government take him on voir dire. And again, we don't know if Schiff really wanted to bring in Dr. Hayes because he never brought him in. And Schiff merely talks about, well, he's expensive to bring him in. That's not saying that I you're forbidding me to bring him in. That's saying that it's going to be expensive for me to bring him in. So I don't think there was an exclusion in this case. And if you look at the Supreme Court case we cite, Luce, the Supreme Court says that you have to make a proffer, you have to bring in the witness if the judge, unless the judge clearly excludes it during trial. So we think that's a difference between Cohen. Kagan. Just a minute. The judge issued an order. The government's motion to exclude evidence that defendant Schiff suffers from bipolar disorder. Neither defendant's experts explained how the alleged mental orders negate men's reign. Accordingly, it is hereby ordered that government's motion to exclude evidence that defendant Schiff suffers from bipolar disorder is granted, period, the end. Why isn't that a definitive determination? I think at the time that was, but if you look at the first day of trial where this issue comes up again, the whole issue of bipolar order comes up again. The other counsel are talking about it, saying that they may want Hayes to come in. And the judge says, well, I'm open to this. I haven't made up my mind. I'm going to reread Hayes' report, and this is during the first day of trial, and I'm going to make a decision later. And the judge clearly says that during the first day of trial. And then later during trial, we cite in our brief, the government asks, again, requests that, well, if Schiff brings in Hayes, we'd like to voir dire him. We cite that. I think that was in day 2 and also on day 10 of trial. And then finally on day 16, the judge says, again, he says he's strongly inclined not to let this in, but he still says if you bring him in. What's the this? What was the this at that point? Well, it's Dr. Hayes' testimony.  Nothing or other. Well, it's unclear what he's, yes, it's unclear what part of Dr. Hayes' testimony he will let in, but Dr. Hayes' testimony was only related to the psychological, to Mr. Schiff's psychological mental status. I mean, there was no other testimony that was, that would have come in from Dr. Hayes except for that. And Dr. Hayes opined that he had bipolar disorder and also that he had a rigid belief system. But then the judge also said, I'm not going to re-argue motions that have already been decided, and we're not going to do that. What we're doing is we're talking about an open argument, and that's all he says. So I think in any event, you made your argument about that. I think at least, I think at least it was arguable for a counsel not to bring up this issue, thinking that the district court had allowed him to bring him in to be voir ment, and that he didn't. Do you agree with me, counsel, that we can avoid, skip over the what is, is, or what is this, and avoid the conflict in the record with respect to whether that order was final or not, because the ultimate proof that must be shown here under Strickland, under the second prong, is that the exclusion of this report was prejudicial to the defendant. And if the appellant does not satisfy that prong, end of story, whether it was properly preserved or not, whether he could have testified or not, you know, all those issues such as he's a pro se defendant, the Court should and do provide some leniency on technical legal issues, whether he should have proffered it later on or not. Does that not resolve this case, that alone, the second prong of Strickland? Yes, Your Honor. I agree with that. I agree that, that the exclusion was harmless and was much different than Cohen. Cohen was a minor participant. The panel, the initial panel pointed out that Cohen was manipulated by Schiff and that the psychological, Cohen's psychological evidence would have shown how Cohen was susceptible to being manipulated by Schiff. Cohen was acquitted on the conspiracy charge. He was only convicted of one count of filing a false return. And this is much different from Schiff, which the initial panel characterized evidence against Schiff as overwhelming evidence that Schiff intended to deceive the government. Schiff used false tax identification numbers. He placed assets in the names of nominees. He used a warehouse bank account. That's like a sort of a black market bank that keeps money but doesn't keep your name and data so the government can't track it. He moved funds offshore. He even went so far as Schiff advised clients to repeatedly say, I believe, in order to create a cheat defense. So Schiff was very sophisticated in these means. And he also admitted at trial that he knew that every court had rejected his arguments. He was twice convicted for tax fraud. And so he was convicted of fraud. And so he was convicted of fraud. What exactly do you understand cheat to be about? It's a little, I mean, this is the same question I asked before. Is the question that Cheek, the subjective state of mind that Cheek allows to be used as a defense that I don't, I believe that it is an open question whether this is legal or not, or is it, despite the fact that everybody, every authority that's looked at it thinks that it's not legal, I can still believe it's legal? Yes. I think you're first that Cheek says that a good faith misunderstanding of the tax law is a defense. Cheek specifically says that a disagreement with the law is not a defense. And in fact, the jury instruction in this case, which were not contested, said that a disagreement with the law, even if earnestly held, is not a defense to the charges. And that's what Cheek says, that you can't simply disagree with the law. You have to have some type of good faith. It's a rather fine line when you have people who are fanatic believers in something. Yes, well. They say, I'm not disagreeing with the law, I'm saying, you know, nobody can read. I can read and they can't read, and I'm right and they're wrong. That's true, but when you start to take, when you have obstructive conduct, it's simply that any psychologist's testimony that Schiff was acting in good faith would have been overcome by all the obstructive conduct that. That's a different question than the question I'm asking. And it's even possible that if somebody really, really, really believed that, you know, everybody in the world was just wrong about this, they might engage in conduct to foster their own belief, although it's a second-level issue, which is, you know, people can't, to avoid being treated illegally, well, that becomes a civil disobedience question as to which the usual answer is you go to jail if you're engaging in civil disobedience even if you believe you're right. And actually, Blackmun, in his opinion, in his, I guess it was a dissenting and concurring opinion in Cheek, talks about that this will create people who cling to false beliefs in order to try to avoid paying taxes. That Cheek will create such a situation, and that seems to be the situation we have here. Finally, I just want to make one more point, and that is that the defendant here hasn't raised what exactly charges would be reversed because of the exclusion of the psychologist. Cohen's conviction was a Title 26 tax charge that was reversed, and good faith is a defense there. But to the 18 U.S.C. 371 conspiracy charge, good faith is not a defense to that charge. We still have to show that he intended to defraud, but you could have a good faith that you owe no taxes. In fact, you could owe no taxes, and you could still set out to obstruct the IRS. And the 371 was a conspiracy to defeat and obstruct the IRS, and that's not. And there's also this other question that, as your Mr. Feldman, no, refused now, well, your opponent said, the – it is still true that at least some of his beliefs would not be protected under Cheek anyway because their beliefs had to do with constitutionality. That's correct, Your Honor. I see my time's up. Okay. Thank you. Thank you. Can we take a brief recess after this? Just a couple points. One is having to do with the prejudice prong of Strickland. I think it's important to remember the prejudice is shown by a reasonable probability that the outcome of the appeal would be different. And this Court is not deciding what that – what the decision in that appeal would have been. It's only the question is, is there a reasonable probability that it would have been different? And I think that we have shown that. The fact that Schiff is – was a leader and Cohen was a minor participant, I don't think that that really makes a difference. If Mr. Schiff's belief – Well, there's the obstruction behavior, and there's also this question of – which is – and there's the history of his convictions, and there's also this question that at least some of what he was claiming is not protected by Cheek, so how is this going to help? Well, because much of it is. He believes that the law is effective justice. Fine, but even if much of it is, he could still be convicted on each of the counts if some of it isn't. He could have been convicted, and as this Court noted in its opinion, Cohen could be convicted, too. Cohen could have been convicted on remand as well, but that didn't mean they didn't have the right to have a defense to bring this up. And that's the same thing we're arguing for Mr. Schiff. He has the right to present this to the jury. Let the jury decide. They may not buy it. Okay. You're over time. Thank both of you for an interesting argument. The United States v. Schiff. We're going to take a short break. Thank you.
judges: Zouhary, Wallace, Berzon